IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

KATHY CLARA KENNEALLY,  )
                        )
        Plaintiff,      )
                        )
    -vs-                )   Civil Action No. 17-1655
                        )
NANCY A. BERRYHILL,     )
ACTING COMMISSIONER OF SOCIAL )
SECURITY,               )
                        )
        Defendant.      )

AMBROSE, Senior District Judge.

## OPINION AND ORDER

### Background

Plaintiff Kathy Kenneally ("Kenneally") brings this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) for review of the ALJ's decision denying of her claim for a period of disability, disability insurance benefits (DIB), and supplemental security income ("SSI"). She alleges a disability beginning on March 10, 2013. (R. 9).[1] Following a hearing before an ALJ, during which time both Kenneally and a vocational expert ("VE") testified, the ALJ denied her claim.

Specifically, the ALJ determined that Kenneally had not engaged in substantial gainful activity since the alleged onset date. (R. 11) The ALJ also concluded that Kenneally suffered from numerous severe impairments. (R. 11)[2] Kenneally's impairments, or any combination thereof, did not meet or equal any listed impairment.

---

[1] The ALJ determined that Kenneally met the insured status requirements for the Social Security Act through September 30, 2013. (R. 11)
[2] The ALJ found that Kenneally had the following severe impairments: depression, post-traumatic stress disorder ("PTSD"), anxiety, and morbid obesity. (R. 11-12)

1

(R. 12-13) Concluding that Kenneally was capable of performing light work subject to certain restrictions, the ALJ determined that she had no past relevant jobs but was able to perform jobs that exist in significant numbers in the national economy. (R. 17-18)

Kenneally has appealed the denial of her claim. Pending are Cross Motions for Summary Judgment. See ECF Docket Nos. (13) and (17). For the reasons set forth below, the ALJ's decision is affirmed.

## **Legal Analysis**

1. <u>Standard of Review</u>

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. [Allen v. Bowen, 881 F.2d 37, 39 (3d Cir. 1989)](). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." [Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995)](), *quoting* [Richardson v. Perales, 402 U.S. 389, 401 (1971)](). Determining whether substantial evidence exists is "not merely a quantitative exercise." [Gilliland v. Heckler, 786 F.2d 178, 183 (3d Cir. 1986)]() (*citing* [Kent v. Schweiker, 710 F.2d 110, 114 (3d Cir. 1983)]()). "A single piece of evidence will not satisfy the substantiality test if the secretary ignores, or fails to resolve, a conflict created by countervailing evidence. Nor is evidence substantial if it is overwhelmed by other evidence – particularly certain types of evidence (e.g., that offered by treating physicians)." [Id.]() The Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. '405(g); [Dobrowolsky v. Califano, 606 F.2d 403, 406 (3d Cir. 1979)](). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. [Palmer v. Apfel,]() 995

F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the claimant must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. § 423(d)(1)(A); Brewster v. Heckler, 786 F.2d 581, 583 (3d Cir. 1986). The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. § 404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P, appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience, and residual functional capacity. 20 C.F.R. § 404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). Dobrowolsky, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that

3

the claimant can engage in alternative substantial gainful activity (step 5). Id. A district court, after reviewing the entire record, may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. Podedworny v. Harris, 745 F.2d 210, 221 (3d Cir. 1984).

2. Dr. Rattan

Kenneally contends that a remand is required because the ALJ "failed to explain the weight given to Dr. Rattan's non-examining opinion." *See* ECF Docket No. 14, p. 14-15) I disagree. The ALJ noted that Rattan found Kenneally "capable of engaging in simple, routine, repetitive tasks involving simple decision making (Ex. B2A; B3A)." The ALJ explained that, although the opinion is "generally consistent with the evidence," she found it nevertheless "fails to properly consider the claimant's difficulties with social functioning." *Id.* Specifically, the ALJ determined the evidence indicates that Kenneally "has some difficulty trusting others, such that she would work best in an environment that involves no interaction with the public." (R. 17) Rattan's failure in this regard, the ALJ explained, resulted in it being accorded only "moderate weight." (R. 17)

In contrast to Rattan's opinion, the ALJ gave "great weight" to the opinion rendered by Dr. Newman. (R. 16) Newman opined that Kenneally "had no difficulty understanding, remembering, and carrying out his instructions and moderate difficulty interacting appropriately with others." (R. 16) The ALJ found Newman's opinion to be "generally consistent with the record, taking into account the claimant's objective presentation as compared to her subjective reports." (R. 16) Nevertheless, the ALJ acknowledged that, "in giving the claimant the ultimate benefit of the doubt regarding her allegations, the [RFC] includes a limitation to routine and repetitive tasks." (R. 16)

"It is clearly within the ALJ's authority to choose whom to credit when the record contains conflicting medical opinions." *Markoch v. Colvin*, Civ. No. 14-780, 2015 WL 2374260, * 5 (M.D. Pa. May 18, 2015), *citing*, *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000). The ALJ must, however, "provide an explanation as to why opinion evidence by acceptable medical sources has been rejected so that a reviewing court can determine whether the reasons for rejection were proper." *Id.* Here, as set forth above, the ALJ chose to give more weight to Newman's opinion. Kenneally has not argued that this decision was faulty. As such, in formulating the RFC, ultimately the ALJ determined that Kenneally could perform light work "except that she is limited to performing routine and repetitive tasks in a stable environment where the workplace and work process remain the same and she is isolated from the public, with no more than occasional interaction from co-workers and supervisors." (R. 17) The RFC is consistent with the ALJ's findings regarding medical opinions and the ALJ provided a "clear and satisfactory explication of the basis on which it rests." *Cotter v. Harris*, 642 F.2d 700, 704 (3d Cir. 1981). Consequently, I find no basis for remand.

3. <u>Dr. Haddad</u>

Following two examinations, Dr. Lawrence Haddad provided a medical source statement in February of 2017. (R. 16) Haddad indicated that he performed a clinical interview as well as a mental status examination and seven different functional surveys. (R. 16) However, neither the results of the surveys nor a summary of the results was appended to his medical source statement. (R. 16) Haddad opined that "'concentration and attention problems as well as chronic fatigue would make it impossible for [the claimant] to perform activities within a schedule, attend to tasks from beginning to end,

5

or sustain a competitive work routine' and that usual work stressors would 'exacerbate her physical and emotional impairments and would prevent her from being effective or productive in any work setting.'" (R. 16) The ALJ gave Haddad's opinion "very little weight," finding it to be "grossly inconsistent" with the evidence and "clearly based upon wholly subjective reports provided by the claimant rather than any objective findings…." (R. 16)

Kenneally requests remand of the case, reasoning that the ALJ rejected Haddad's opinion because the reports were not attached. Kenneally insists that the ALJ should have obtained the reports herself for clarification and in order to afford her a full and fair hearing. *See* ECF Docket No. 14, p. 15-17. I disagree. The regulations give the ALJ flexibility in resolving an inconsistency or insufficiency in the record. That is, an ALJ may consider recontacting a physician where the evidence is consistent but there is insufficient evidence to determine whether a claimant is disabled, or, where after weighing the evidence the ALJ cannot reach a conclusion about whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520b(c); 416.920b(c). However, the ALJ is not obligated to do so. *Id.* See *Ross v. Colvin*, Civ. No. 14-0990, 2015 WL 1636132, at * 9 n. 4 (M.D. Pa. Apr. 8, 2015). "The critical question remains whether there is enough evidence in the record to permit an ALJ to reach an informed decision." *Toland v. Colvin*, Civ. No. 12-1663, 2013 WL 6175817 (W.D. Pa. Nov. 25, 2013). Here, however, there is no indication that the ALJ found Haddad's opinion to be insufficient in such a manner as to preclude reaching a decision. Rather, the ALJ specifically found that Haddad's opinion was "grossly inconsistent" with the record. (R. 16) The record provided the ALJ with sufficient evidence upon which to base her opinion, including

Kenneally's own testimony, her treatment records, reports from consultative physical and psychological examinations, and corresponding opinions, and activities of daily living. Consequently, there is no basis for remand.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KATHY CLARA KENNEALLY,<br>    Plaintiff,<br><br> -vs-<br><br>NANCY A. BERRYHILL,<br>ACTING COMMISSIONER OF SOCIAL<br>SECURITY,<br><br>    Defendant. | Civil Action No. 17-1655 |

AMBROSE, Senior District Judge.

## **ORDER OF COURT**

Therefore, this 5th day of March, 2019, it is hereby ORDERED that the decision of the ALJ is affirmed. It is further ORDERED that Plaintiff's Motion for Summary Judgment (Docket No. 13) is denied and Defendant's Motion for Summary Judgment (Docket No. 17) is granted.

                                      BY THE COURT:

                                      /s/ Donetta W. Ambrose
                                      Donetta W. Ambrose
                                      United States Senior District Judge